IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DEBBIE JANE ADAMCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 17-cv-3218 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Debbie Jane Adamczyk appeals from the denial of her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a and 1382c.  This appeal is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c).  Adamczyk filed a Motion for Summary Judgment (d/e 12).  The Defendant Commissioner filed a Motion for Summary Affirmance (d/e 16).  The parties consented to proceed before this Court.  <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered November 27, 2017 (d/e 7)</u>.

Adamczyk claims that the Administrative Law Judge's (ALJ) credibility determination was not supported by substantial evidence.  Plaintiff's

Memorandum of Law in Support of a Motion for Summary Judgment (Social Security) (d/e 13) (Adamczyk Memorandum), at 9.  Adamczyk particularly challenges the ALJ's reliance on his observations of Adamczyk at the hearing.  See Adamczyk Memorandum, at 10-12.

The ALJ noted certain observations of Adamczyk at the hearing and made findings based on those observations:

> During the hearing the claimant twice testified that the absolute maximum time she could remain seated was sixty (60) minutes. However, the hearing started at 9:38:57 a.m. and ended at 10:54:05 a.m. (both times according to the audio recording of the hearing) and the claimant remained seated, with no signs of distress, during that entire time. This had the claimant sitting (without signs of distress) for one hour and fifteen minutes. Such a clear inconsistency between the actual and the alleged does not lead to persuasive testimony and brings all other subjective statements regarding degrees of limitations into question.
>
> Additionally, during the hearing the undersigned had the opportunity to observe the claimant's general demeanor, voice intonations, expressions and reaction to questions and situations. Based on these observations, and the specific example given above, the undersigned finds the subjective statements of the claimant inconsistent with the objective medical record and unpersuasive. Based on this finding, the undersigned gives little weight to the claimant's subjective statements. Additionally, based on the axiom that no opinion can have greater persuasiveness than that of the information upon which the opinion is based, the undersigned additionally gives little weight to any opinion (medical or otherwise) which is based solely or primarily on the subjective statements of the claimant.

Certified Transcript of Proceedings before the Social Security Administration (d/e 9), at 29-30.

The Court directs the parties to submit supplemental memoranda on the appropriateness of these findings by the ALJ. Specifically, the parties are directed to address whether this finding complied the SSR 16-3p, and particularly whether the finding complied with the requirement in SSR 16-3p that an ALJ shall not assess the overall truthfulness of a claimant as would be done in a court of law:

> Adjudicators must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments. In evaluating an individual's symptoms, <u>our adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation</u>. The focus of the evaluation of an individual's symptoms should not be to determine whether he or she is a truthful person. Rather, our adjudicators will focus on whether the evidence establishes a medically determinable impairment that could reasonably be expected to produce the individual's symptoms and given the adjudicator's evaluation of the individual's symptoms, whether the intensity and persistence of the symptoms limit the individual's ability to perform work-related activities . . . .

SSR 16-3p, 2017 WL 5180304, at *11 (emphasis added). It appears to the Court that the ALJ observed Adamczyk at the hearing and concluded that nothing she said to anyone at any time had any probative value. This appears to the Court to be an assessment of her overall truthfulness, and so, appears to be prohibited by SSR 16-3p.

The Commissioner cited several Seventh Circuit opinions that upheld credibility findings based on the ALJ's observation of the claimant at the hearing.  See Commissioner's Memorandum in Support of Motion for Summary Judgment (d/e 17), at 6-7 and cases cited therein.  None of the cases cited were decided after the Commissioner issued SSR 16-3p.  The parties shall also address in the supplemental briefing the impact of SSR 16-3p on the applicability of the cases cited to this case.

THEREFORE, IT IS ORDERED that the parties are directed to submit supplemental briefing on this case as directed in this Order.  The supplemental brief shall not exceed 10 pages, and both parties' memoranda shall be filed by October 5, 2018.  No replies shall be allowed.

ENTER:   September 12, 2018

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE